UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:17-cr-47-PPS-JEM |
| LEROY ELMORE, | ) | |
| Defendant. | ) | |

# OPINION AND ORDER

Defendant Leroy Elmore, one of twenty defendants charged in this case, has moved for review of a detention order entered by Magistrate Judge John Martin and dated July 7, 2017. [DE 347.] On December 20, 2018, I held a hearing on the motion. I reviewed the indictment, the pretrial services bond report, transcript of the original detention hearing, and the defendant's memorandum prior to the hearing, and at the hearing I heard proffered evidence and argument from the parties. This order sets out and supplements the findings of fact and rulings I made on the record before denying the motion.

Elmore is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that there is no condition or combination of conditions that would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(B). This presumption represents Congress's judgment that people charged with such serious crimes are "likely to continue to engage in criminal conduct

undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

Section 3142(g) sets out four factors to consider in deciding whether there are conditions that would ensure the community's safety or whether a defendant must be detained instead. 18 U.S.C. § 3142(g). The first factor is the nature and circumstances of the charged offense, including whether it is a crime of violence or involves narcotics. *See* 18 U.S.C. § 3142(g)(1). Elmore is charged with one count of conspiracy in an otherwise lengthy indictment. But it is a controlled substance offense, which weighs in favor of detention.

The second factor is the weight of the government's evidence against Elmore. 18 U.S.C. § 3142(g)(2). Based on the government's proffer at the hearing, I am persuaded that it has a strong case against Elmore. The government did not present any testimony from the agent on this case or from any witnesses, but did give a strong proffer of evidence. This includes bonding out his co-defendants and phone recordings of Elmore in furtherance of the overall conspiracy. As a result, the second factor — the weight of the evidence against the defendant – favors detention.

The third factor is Elmore's character, physical and mental condition, family ties, employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). These are bad facts for Elmore's motion. The pretrial services bond report reveals Elmore has a long criminal history, including several felony convictions and an arrest record dating back more than

forty years. Elmore likewise does not appear to have strong financial ties to the community such as property ownership or employment. He has further reported significant and lengthy use of illegal narcotics for more than three decades. He has used at least four aliases or false identifications in the past. All of these facts favor detention and that Elmore is a flight risk, despite the assurances and sincerity offered by his sister at the hearing that she would allow him to stay with her while on bail.

The fourth factor is the nature and seriousness of the danger to any person or the community posed by Elmore's release. 18 U.S.C. § 3142(g)(4). Given the above-mentioned facts concerning the nature of the crimes charged and Elmore's personal history, there is potential for danger to the community if detention were not ordered.

The four-week trial in this case is set to begin on April 8, 2019. [DE 252.] I expect this trial date to be firm and will not look favorably upon any additional continuance absent extraordinary circumstances. And as discussed above, I find the statutory criteria for pretrial detention as to Elmore are all met in this case.

Accordingly, I find that Magistrate Judge Martin's order of pretrial detention [DE 180] was supported and appropriate in this case. Elmore's Motion for Review of Detention Order [DE 347] is DENIED.

SO ORDERED on January 7, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT